IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUSAN O'BRIEN, | |
| Plaintiff, | |
| v. | Civ. No.: MJM-23-2342 |
| ENCOMPASS HOME AND AUTO INSURANCE COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Susan O'Brien ("Plaintiff") brings this action against Encompass Home and Auto Insurance Company ("Defendant"), alleging breach of contract and failure to settle claims in good faith under Maryland law. *See* Am. Compl. (ECF No. 7). Plaintiff's claims arise out of Defendant's denial of Plaintiff's insurance claim related to a storm that damaged Plaintiff's roof in April 2020.

This matter is before the Court on Defendant's Motion to Dismiss (the "Motion"). ECF No. 9. The Motion is fully briefed and ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Motion is DENIED.

**I.   BACKGROUND[1]**

Plaintiff lives in Millersville, Maryland. Am. Compl. ¶ 7. Her residential property is covered by an insurance policy with Defendant. *Id.* ¶ 7; ECF No. 9-2. On April 12, 2020, a storm caused damage to the roof of Plaintiff's residence. *Id.* ¶ 8. Plaintiff reported the loss to Defendant

---

[1]   The facts described herein are drawn from allegations in the Amended Complaint and documents attached to the parties' motion papers. The authenticity of the parties' exhibits is not in dispute.

and hired a third party, Semper Fi Public Adjusters ("Semper Fi"), to evaluate the claim and secure indemnification from Defendant. Am. Compl. ¶ 9; ECF No. 9-3. Semper Fi investigated the damages and concluded that the total claim was worth $86,535.87. Am. Compl. ¶ 14. Semper Fi submitted its evaluation to Defendant, but Defendant rejected the estimated claim value. *Id.* ¶ 12.

In a letter dated June 24, 2020, and addressed to Semper FI, Defendant stated it was "issuing payment in the amount of $1,997.37 as [Plaintiff's] claim payment under the terms of" the insurance policy. ECF No. 9-3 ("June 24 Letter"). Later, in a letter dated August 20, 2020, and addressed to Plaintiff, Defendant stated, in part: "We have completed our investigation of your loss and have determined that there is coverage under your policy for some of your loss, while other areas of damage are excluded from coverage." ECF No. 9-4 ("August 20 Letter"). The August 20 Letter cited "faulty or inadequate workmanship" as grounds for exclusion from coverage. *Id.* Notwithstanding Defendant's statement that it had completed its investigation, it apparently continued to investigate the damage. Specifically, in a letter dated December 19, 2020, and addressed to Semper Fi, Defendant stated that it requested an engineer to inspect the damage. ECF No. 15-1 ("December 19 Letter").[2] In another letter dated February 1, 2021, and addressed to Plaintiff, Defendant again stated it had "completed [its] investigation of [Plaintiff's] loss," and reiterated its conclusion that only part of the claimed loss was covered. ECF No. 15-2 at 1.

Ultimately, Defendant paid Plaintiff $2,142.18. Am. Compl. ¶ 14. Thus, Plaintiff alleges Defendant still owes $84,393.69 on the claim. *Id.* On November 22, 2022, Plaintiff filed a complaint with the Maryland Insurance Administration ("MIA"). ECF No. 9-5 at 4. On April 25, 2023, the MIA found in favor of Defendant. ECF No. 9-6 at 15.

---

[2]   The December 19 Letter also references Plaintiff's allegation that Defendant's adjuster altered or "tampered with evidence of physical damage to the property." Am. Compl. ¶ 13.

2

On August 25, 2023, Plaintiff filed her initial Complaint in this Court against "Encompass Insurance Company," alleging breach of contract and failure to settle claims in good faith. ECF No. 1. On November 21, 2023, Plaintiff filed her First Amended Complaint substituting "Encompass Home and Auto Insurance Company" as Defendant. *See* Am. Compl. Count I claims Defendant breached the homeowner's insurance policy by refusing to pay Plaintiff in accordance with the policy and Maryland law. ECF No. 7 ¶¶ 19–21. Count II alleges Defendant failed to settle the claim in good faith pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-1701 ("CJP 3-1701"). Am. Compl. ¶ 28. On November 29, 2023, Defendant filed a motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction and arguing the statute of limitations bars Plaintiff's claim. ECF No. 9 (the "Motion"). Plaintiff filed a response in opposition to the Motion, ECF No. 15, and Defendant filed a reply in support of the Motion, ECF No. 16.

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). But "a plaintiff's obligation to provide the grounds of his

3

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, in evaluating a motion to dismiss, the court cannot consider any evidence outside of the complaint. *Hayes v. Md. Transit Admin.*, Civ. No. JRR-23-01195, 2023 WL 8829260, at *3 (D. Md. Dec. 21, 2023). "A court may consider documents attached to a motion to dismiss if the document is 'integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Id.* (quoting *Am. Chiropractors Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004)). A document is integral to the complaint when "by 'its very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC,* 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 571 F. Supp. 2d 801, 806 (E.D. Va. 2007)).

A party may move for dismissal under Rule 12(b)(6) based on a statute-of-limitations defense. *See Manion v. N.C. Med. Bd.*, 693 Fed. App'x 178, 180 (4th Cir. 2017). Such motions, however, will be granted "only if the time bar is apparent on the fact of the complaint." *Id.* (quoting *Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017)). "A plaintiff is under no obligation to plead facts in a complaint to show the timeliness of her claims. The burden is on the party asserting the defense to plead and prove it." *Evans v. Beneficial Fin. I, Inc.*, Civ. No. DKC-14-1994, 2015 WL 535718, at *2 (D. Md. Feb. 9, 2015).

4

### B. Rule 12(b)(1)

Rule 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. *See Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge . . . or a factual challenge." *Id.* (citations omitted) (internal quotations omitted). A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). A defendant's motion to dismiss under Rule 12(b)(1) "will be evaluated in accordance with the procedural protections afforded under Rule 12(b)(6), which is to say that the facts alleged in the Complaint will be taken as true . . . ." *In re Jones v. Md. Dept. of Pub. Safety*, No. 1:21-cv-01889-JRR, 2024 WL 493269 at *3 (D. Md. Feb. 8, 2024).

### III. DISCUSSION

In its Motion, Defendant argues that (1) a three-year statute of limitations bars Count I; and (2) this Court lacks subject matter jurisdiction over Count II because insurance claims appealed from the MIA can only be brought in state court. Plaintiff opposes the Motion on both grounds. The Court will address each of Defendant's arguments in turn.

### A. Statute of Limitations

Defendant argues the three-year statute of limitations bars Plaintiff's breach of contract claim. ECF No. 9 at 4. The Court will only grant Defendant's motion to dismiss based on the

statute of limitations if it is clear from the face of the First Amended Complaint that the statute ran before Plaintiff filed suit.

Plaintiff claims Defendant breached the homeowner's insurance policy by refusing to pay Plaintiff in accordance with the policy and Maryland law. ECF No. 7 ¶¶ 19–21. Maryland has a three-year statute of limitations period for breach of contract claims. *Curry v. Trustmark Ins. Co.*, 600 Fed. App'x. 877, 880 (4th Cir. 2015) (citing Md. Code. Ann., Cts. & Jud. Proc. § 5–101). Maryland courts have held that "the limitations period begins to run on the date . . . the party is entitled to sue." *Cardin v. Pacific Emps Ins. Co.*, 745 F. Supp. 330, 334 (D. Md. 1990). Along with the general rule, the discovery rule states that the statute of limitations begins to run when the plaintiff "knew or should have known" of the wrong. *Lumsden v. Design Tech Builders, Inc.,* 749 A.2d 796, 801 (Md. 2000) (citing cases). A plaintiff "reasonably should know of a wrong if the [plaintiff] has knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry . . . with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued." *Id.* (citing *Poffenberger v. Risser*, 431 A.2d 677, 681 (1981)) (internal quotations and citations omitted).

For an insurance breach of contract claim, the statute of limitations generally starts running from the date of the alleged breach. *Curry*, 600 Fed. App'x. at 880 (citing *Jones v. Hyatt Ins. Agency, Inc.*, 741 A.2d 1099, 1104 (1999)). A "breach of an insurance contract . . . is not a continuing violation; such a claim accrues on a one-time basis." *George v. Mass. Mut. Life Ins. Co.*, Civ. No. ELH-17-1073, 2018 WL 656436, at *6 (D. Md. Feb. 1, 2018) (citing *Curry v. Trustmark Ins. Co.*, 600 F. App'x 877 (4th Cir. 2015)). "[C]ontinued contact with the insurer does not in and of itself toll the limitation period." *Holland v. Transamerica Life Ins. Co.*, Civ. No. PJM-23-02507, 2024 WL 1076253, at *2 (D. Md. Mar. 12, 2024) (citing *Cardin v. Pac. Emps.*

6

*Ins. Co.*, 745 F. Supp. 330, 334–35 (D. Md. 1990)). If that were the case, "settlement negotiations or requests for reconsideration of a party's expressed position could extend limitations periods indefinitely." *Cardin*, 745 F. Supp. 330 at 334. In *Curry*, the Fourth Circuit stated, "[t]o hold that an insured cannot bring an action until an insurer formally denies the claim for benefits would . . . allow insurers to 'prevent policyholders from suing by continuing in perpetuity to consider claims open and denial of benefits preliminary.'" 600 F. App'x at 883 (citation omitted). Accordingly, as this Court has recognized, an insurance contract is breached for purposes of the statute of limitations when the insurer first formally denies benefits to the insured, even if the insurer issues additional denial letters. *See George*, 2018 WL 656436, at *6–7 (D. Md. Feb. 1, 2018) (citing *Curry*, 600 Fed. App'x at 881).

It is not clear from the face of Plaintiff's pleading that the statute of limitations ran before she filed suit. Plaintiff filed her original Complaint in this action on August 25, 2023. ECF No. 1. Therefore, Plaintiff's breach of contract claim may be sustained only if it accrued on or after August 25, 2020. Defendant argues that the statute of limitations bars this suit because it sent Plaintiff two letters before August 25, 2020—specifically, on June 24 and August 20, 2020—indicating that it denied full coverage for Plaintiff's claim. ECF No. 9-1 at 2. Plaintiff suggests that her breach of contract claim did not begin to accrue until February 1, 2021, when Defendant advised Plaintiff via letter that it had "completed [its] investigation of [Plaintiff's] loss and . . . determined that . . . [some] areas of damage are excluded from coverage." ECF No. 15 at 6; ECF No. 15-2 at 1. Defendant points out in its reply that identical language was contained within the earlier letter of August 20, 2020. ECF No. 16 at 3.

Defendant argues that the June 24 Letter triggered the statute of limitations because Plaintiff knew or should have known that Defendant was denying Plaintiff's full claim. ECF No.

7

9-1 at 2. In the June 24 Letter, Defendant advised it would provide coverage on at least part of Plaintiff's claim for $1,997.37. ECF No. 9-3 at 1. Assuming, without deciding, that the June 24 Letter is integral to the Amended Complaint and may therefore be considered at this stage of the case,[3] the letter does not state that Defendant denied Plaintiff's claim or that any portion of Plaintiff's loss was excluded from coverage. *See* ECF No. 9-3. For this reason, the Court does not find that the June 24 Letter constitutes the contractual breach upon which Count I is based. *See, e.g.*, *George*, 2018 WL 656436 at *7 (finding that the breach of contract claim accrued when the insurer sent a letter stating that the plaintiff "did not meet the eligibility requirements of her policy" and that defendant had provided a "final payment"); *Curry*, 600 Fed. App'x at 883 (finding that letter from plaintiff triggered the discovery rule where the plaintiff acknowledged that benefits had been "recently discontinued").

Moreover, it is not clear from the Amended Complaint or the June 24 Letter itself when Plaintiff received the letter or whether she received it at all. *See Vigilant Ins. Co. v. Luppino*, 723 A.2d 14, 17 (1999) ("Generally, a cause of action for breach of a contract accrues, and the statute of limitations begins to run, when the plaintiff knows or should have known of the breach.") (citing *Poffenberger*, 431 A.2d 677). The Court notes the June 24 Letter is addressed to Semper Fi—not to Plaintiff. *See* ECF No. 9-3. Further, the Amended Complaint does not mention this letter. It does state, however, that Defendant eventually paid $2,142.18 on Plaintiff's claim, Am. Compl. ¶ 14, which suggests that the decision to pay Plaintiff $1,997.37 on June 24, 2020, was not a final

---

[3]     *See Am. Chiropractors Ass'n*, 367 F.3d at 234 ("Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'") (citation omitted).

determination of Plaintiff's claim. Thus, the Court cannot find, at this stage of the case, that Plaintiff's breach of contract claim accrued on June 24, 2020.

Next, Defendant argues that the accrual date for Plaintiff's breach of contract claim is no later than August 20, 2020, *see* ECF No. 9-1 at 2, the date of the letter wherein Defendant stated: "We have completed our investigation of your loss and have determined that there is coverage under your policy for some of your loss, while other areas of damage are excluded from coverage." ECF No. 9-4. Unlike the June 24 Letter, the August 20 Letter is addressed to Plaintiff. Further, the letter indicates that Defendant made a determination that some portion of Plaintiff's claimed loss was not covered. Thus, the August 20 Letter may have been sufficient to put Plaintiff on notice that Defendant was denying her full claim, giving rise to Plaintiff's right to sue. However, at this stage, Defendant has not established the date it mailed the letter or the date Plaintiff received it. Again, the Amended Complaint makes no mention of this letter nor Plaintiff's receipt of the same.

In sum, without the benefit of a greater evidentiary record, the Court finds that Defendant has failed to prove Plaintiff's breach of contract claim accrued on either June 24, 2020, or August 20, 2020. The Court will not dismiss Count I as time barred because, at this stage and with a limited evidentiary record, it is unclear whether Plaintiff's cause of action for breach of contract accrued before August 25, 2020. Defendant's Motion is denied as to Count I.

### B.     Subject Matter Jurisdiction

Count II alleges Defendant failed to settle in good faith in accordance with Md. Code Ann., Cts & Jud. Proc. § 3-1701 ("CJP 3-1701"). Am. Compl. ¶ 28. Defendant argues this Court does not have subject matter jurisdiction over Count II because, according to Defendant, CJP 3-1701 requires that a party appealing an MIA decision must do so in Maryland Circuit Courts. ECF No. 9-1 at 5.

Since this case is before the Court in diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), the Court must apply governing state law, as interpreted by the state's highest court. *Erie R.R. Co. v. Thompkins*, 304 U.S. 64, 78 (1938). The Court is "to ascertain and apply the law of [the state] as it exists, [and] should not create or expand [the state's] public policy." *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F. 3d 778, 783 (4th Cir. 1995) (citations omitted).

Under CJP 3-1701, an insured may sue an insurer for acting in bad faith and recover:

> (1) Actual damages, which actual damages may not exceed the limits of the applicable policy;
>
> (2) Expenses and litigation costs incurred by the insured in an action under this section or under [Md Code Ann., Ins. § 27-1001] or both, including reasonable attorney's fees; and
>
> (3) Interest on all actual damages, expenses, and litigation costs incurred by the insured, computed:
>
>> (i) At the rate allowed under § 11-107(a) of this article; and
>>
>> (ii) From the date on which the insured's claim would have been paid if the insurer acted in good faith. . . .

CJP 3-1701(e). The statute further specifies that it "does not limit the right of any person to maintain a civil action for damages or other remedies otherwise available under any other provision of law." *Id.* at 3-1701(i). Notably, CJP 3-1701(c)(1) also states that, except for certain exceptions that are not applicable here,[4] "a party may not file an action under this subtitle before the date of a final decision under" Md Code Ann., Ins. § 27-1001 ("INS 27-1001").

---

[4] Specifically, under CJP 3-1701(c)(2), a party is not bound by the "final decision" provision of INS 27-1001 in three instances: "(i) Within the small claim jurisdiction of the District Court under § 4-405 of this article; (ii) If the insured and the insurer agree to waive the requirement under paragraph (1) of this subsection; or (iii) Under a commercial insurance policy on a claim with respect to which the applicable limit of liability exceeds $1,000,000."

As Plaintiff points out, CJP 3-1701 does not have an express venue provision. *See* ECF No. 15 at 8. However, Defendant argues that the venue provision of INS 27-1001 applies to claims brought under CJP 3-1701. ECF No. 9 at 6. In relevant part, INS 27-1001(g)(1) governs party appeals of MIA decisions. Unlike CJP 3-1701, INS 27-1001 includes an express venue provision. Specifically, INS 27-1001(g)(1) states, "If a party receives an adverse decision, the party may appeal a final decision by the Administration or an administrative law judge under this section to *a circuit court* in accordance with § 2-215 of this article . . . ." INS 27-1001(g)(1) (emphasis added).[5] Under Md. Code Ann., Ins. § 2-215 ("INS 2-215"), an appeal from an MIA decision "shall be taken: (i) to the Circuit Court for Baltimore City; or (ii) if a party to an appeal is an individual, to the circuit court of the county where the individual resides." Defendant relies on the foregoing statutory provisions to argue that Plaintiff was required to bring her claim in a Maryland circuit court.

Defendant argues that INS 27-1001's terms "control any action under" CJP 3-1701 and, accordingly, Plaintiff was required to bring her action in state court. ECF No. 16 at 4. But Defendant has not identified any case law supporting its position that CJP 3-1701 actions can *only* be brought in Maryland Circuit Court. In fact, CJP 3-1701 does not contain any language indicating a required venue. Further, this Court has adjudicated several cases based on CJP 3-1701. *See John C. Grimberg Co., Inc. v. Indian Harbor Ins. Co.*, Civ. No. 22-2713, 2023 WL 4593306, at *2 (D. Md. July 18, 2023) (denying Defendant's partial motion to dismiss Plaintiff's complaint based on CJP 3-1701 and INS 27-1001); *Mitchellville Plaza Bar LP v. Hanover Am. Ins. Co.*, Civ. No. 21-cv-106, 2022 WL 4465880, at *2 (D. Md. Sept. 26, 2022) (granting defendant's motion for summary judgment that they did not act in bad faith pursuant to CJP 3-1701). Where the Court has

---

5   The statute also requires compliance with Md. Code Ann., State Gov't § 10-201, which governs appeals taken with the MIA and, therefore, is not relevant here.

11

held that it lacks subject matter jurisdiction, such holding is generally related to a plaintiff's failure to exhaust the required administrative remedies. *McCullough v. Auto. Ins. Co. of Hartford, Ct.*, Civ. No. MJG-18-998, 2018 WL 3049480, at *4 (D. Md. June 20, 2018) (holding the court lacked subject matter jurisdiction when plaintiff brought a CJP 3-1701 without exhausting administrative options); *Pa. Nat'l Mut. Cas. Ins. Co. v. Tate Andale, Inc.*, Civ. No. ADC-17-0670, 2018 WL 1881276, at *3-*4 (D. Md. Apr. 19, 2018) (same). However, the Court has not held that it lacks subject matter jurisdiction over CJP 3-1701 claims in general.

In *Thompson v. State Farm Mutual Automobile Insurance Company*, the plaintiff filed suit against State Farm in the Circuit Court of Maryland for Baltimore County, alleging that the insurer failed to act in good faith in accordance with CJP 3-1701 and INS 27-1001. 9 A.3d 112, 115 (Md. Ct. Spec. App. 2010). She argued the venue provisions of INS 27-1001 and INS 2-215 permitted suit in the Baltimore County Circuit Court. *Id.* at 114–15. State Farm successfully transferred venue to Anne Arundel County under the doctrine of forum non conveniens, and Plaintiff appealed the transfer. *Id.* at 116–17. The Court of Special Appeals denied Plaintiff's appeal, holding that

> the damage remedy/jury trial right authorized by CJP § 3–1701 is independent from a true de novo review of the MIA administrative determination, which is more appropriately characterized as a precondition to the civil suit. This, of course, undercuts [plaintiff's] reliance on INS § 2–215 . . . as controlling venue in this case.

*Id.* at 119.

Similarly, in the instant case, Plaintiff does not appeal the MIA decision but independently seeks a jury trial to assess damages under CJP 3-1701. *See* Am. Compl. at 5. Critically, CJP 3-1701 contains no venue provisions or restrictions. The statute does not provide that parties are bound by the venue restrictions set forth in INS 27-1001. Although CJP 3-1701 expressly references INS 27-1001 in two subsections, neither subsection incorporates the venue restriction

in INS 27-1001. *See* CJP 3-1701(c)(1) ("Except as provided in paragraph (2) of this subsection, a party may not file an action under this subtitle before the date of a final decision under § 27-1001 of the Insurance Article."); CJP 3-1701(e)(2) ("Expenses and litigation costs incurred by the insured in an action under this section or under § 27-1001 of the Insurance Article or both, including reasonable attorney's fees."). The legislature's decision to reference INS 27-1001 twice in CJP 3-1701 but not to incorporate the venue restriction indicates that the venue restriction was not intended to apply to CJP 3-1701. *See United States v. O'Brien,* 356 F. Supp. 3d 518, 527 (D. Md. 2018) ("'*expressio unius est exclusio alterius*,' that is, 'to express or include one thing implies the exclusion of the other, or of the alternative.'"); *Thompson*, 9 A.3d at 254 n.14 ("the 'civil action' remedy under CJP § 3–1701 is independent from the petition for judicial review of a MIA decision under INS § 27–1001").

Therefore, Defendant's Motion as to Count II, based on lack of subject matter jurisdiction, is denied.

### IV.   ORDER

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. Defendant shall file a response to the Amended Complaint within twenty-one (21) days of the date of this Order.

It is so ORDERED.

  8/12/24  
Date

       /S/       
Matthew J. Maddox
United States District Judge